UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| DAVID WINSTON,<br><br>            Petitioner,<br><br>     v.<br><br>ROBERT FOX,<br><br>            Respondent. | No. ED CV 16-80-FMO (PLA)<br><br>**ORDER ACCEPTING FINDINGS,**<br>**CONCLUSIONS AND RECOMMENDATION**<br>**OF UNITED STATES MAGISTRATE JUDGE** |

On March 21, 2018, the United States Magistrate Judge issued a Report and Recommendation ("R&R"), recommending that the Petition be dismissed on the merits with prejudice. On July 27, 2018, petitioner filed Objections to the R&R.

In the Objections, petitioner challenges the determination in the R&R that the evidence as a whole reflected he was mentally competent to stand trial. In particular, petitioner disputes the Magistrate Judge's findings that petitioner's statements on the record at hearings occurring just before and after trial indicated that petitioner rationally and factually understood the proceedings. Rather, petitioner asserts that he instead was being directed by his attorney regarding how to respond to the trial judge's questions, and his responses did not reflect his own personal understanding of the proceedings. Additionally, it appears that petitioner contends his inclusion in the prison's Developmental Disability Program is definitive evidence of incompetence. (Objections at 5, 11, 12).

Although no particular fact signals a defendant's incompetence, "evidence of a defendant's irrational behavior, his demeanor at trial, and any prior medical opinion on competence to stand trial are all relevant in determining whether further inquiry is required, and one of these factors standing alone may, in some circumstances, be sufficient." Maxwell v. Roe, 606 F.3d 561, 568 (9th Cir. 2010) (citation and quotations omitted). As set forth in more detail in the R&R, there was no clear indication in the record that petitioner was incompetent. In particular, there was no evidence of irrational behavior at trial, and neither the trial judge nor defense counsel raised any concern regarding petitioner's mental state during the proceedings. Nor has petitioner presented evidence of any medical opinion on the issue of his competence to stand trial. See Boyde v. Brown, 404 F.3d 1159, 1167 (9th Cir. 2005) ("[P]erhaps the most telling evidence that Boyde was competent at trial is that neither defense counsel -- who would have had every incentive to point out that his client was incapable of assisting with his defense -- nor the trial court even hinted that Boyde was incompetent."); Boag v. Raines, 769 F.2d 1341, 1343 (9th Cir. 1985) ("In cases finding sufficient evidence of incompetency, the petitioners have been able to show either extremely erratic and irrational behavior during the course of the trial, or lengthy histories of acute psychosis and psychiatric treatment"). Moreover, although petitioner claims he was being coached by his counsel regarding how to respond to questions, the record gives no indication that counsel was directing petitioner's responses. Rather, the relevant transcripts reflect that petitioner was able to factually and rationally understand the trial judge's questions, and in turn, was capable of answering the questions on his own. Finally, although petitioner has presented evidence that he was receiving mental health treatment and was prescribed antidepressant and antipsychotic medications, as stated in the R&R, that is not enough to establish that at the time of his trial petitioner was unable to comprehend the factual and legal nature of the proceeding such that he was not competent to stand trial. Accordingly, petitioner has not demonstrated that the trial court should have held a hearing on his mental competency.[1]

---

[1] The Court notes that, in his Objections, petitioner states that his claim is not that he was denied a competency hearing at trial, but that he should have been "referred to the director of the Regional Center for the care and treatment of [ ] Developmentally Disabled Persons for

The Court has reviewed petitioner's remaining objections and, except as noted below, finds that they are adequately addressed in the R&R.

**CONCLUSION**

Based on the foregoing and pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, the other records on file herein, the Magistrate Judge's Report and Recommendation, and petitioner's Objections to the Report and Recommendation. The Court has engaged in a de novo review of those portions of the Report and Recommendation to which objections have been made. The Court concurs with and accepts the findings and conclusions of the Magistrate Judge, except as noted below.

ACCORDINGLY, IT IS ORDERED:

1. The Report and Recommendation is accepted, with the exception that the Court rejects the R&R's Procedural History finding that petitioner was sentenced to a term of thirty-one years to life (R&R at 2); rather, he was sentenced to a determinate term of thirty-one years. (CT 242-43).

2. Judgment shall be entered consistent with this Order.

3. The clerk shall serve this Order and the Judgment on all counsel or parties of record.

DATED: August 17, 2018

/s/
HONORABLE FERNANDO M. OLGUIN
UNITED STATES DISTRICT JUDGE

---

evaluation," and that this failure requires reversal of the guilt phase of his trial. (Objections at 12-13). To the extent petitioner seeks habeas relief based on this alleged failure, it appears that his claim is not cognizable in a federal habeas proceeding. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws or treaties of the United States. Estelle v. McGuire, 502 U.S. 62, 68, 112 S. Ct. 475, 116 L. Ed. 2d 385 (1991); see also 28 U.S.C. § 2254(a). Thus, habeas relief is not available for an alleged error in the interpretation or application of state law, or with respect to an alleged violation of a prison regulation or procedure.